**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 20-20566-CV-ALTONAGA**
**MAGISTRATE JUDGE REID**

DARRELL WASHINGTON,

    Petitioner,

v.

WARDEN WATSON et al.,

    Respondents.

## REPORT OF MAGISTRATE JUDGE

Petitioner has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, attacking his judgment of conviction in Case No. F15-1209, Eleventh Judicial Circuit of Florida, Miami-Dade County. [ECF No. 1]. As discussed below, the Petition should be **DENIED**.

### I.     Background

The state charged Petitioner with second-degree murder with a deadly weapon. [ECF No. 11-1 at 65[1]]. A jury convicted Petitioner of the lesser-included offense of manslaughter by act, specially finding that he "used, carried, displayed, or threatened to use a firearm." [*Id.* at 69]. The trial court sentenced Petitioner to twenty years in prison followed by ten years of probation. [ECF No. 1 at 1]. The Third District Court of Appeals ("Third District") affirmed without comment. *See Washington v. State*, 272 So. 3d 400 (Fla. 3d DCA 2019) (table).

Petitioner filed a motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. [ECF No. 11-2 at 2]. The trial court denied it in a reasoned order. [*Id.* at 21]. The Third District affirmed without comment. [*Id.* at 20].

---

[1] All page citations to ECF entries refer to the page-stamp number at the top, right-hand corner of the page.

1

Petitioner timely filed this § 2254 Petition. [ECF No. 1]. The state filed a Response and supporting documentation. [ECF Nos. 10, 11, 12]. Petitioner's Reply repeats allegations from his Petition. [ECF No. 17].

## II. Legal Standard Under 28 U.S.C. § 2254

Title 28 U.S.C. § 2254(d) sets forth the following standards for granting federal habeas corpus relief:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Under § 2254(d)(1)'s "contrary to" clause, courts may grant the writ if the state court: (1) reaches a conclusion on a question of law opposite to that reached by the Supreme Court; or (2) decides a case differently than the Supreme Court has on materially indistinguishable facts. *See Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). Under its "unreasonable application" clause, courts may grant the writ if the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the case. *See id.* at 413. "[C]learly established Federal law" consists of Supreme Court "precedents as of the time the state court renders its decision." *Greene v. Fisher*, 565 U.S. 34, 38 (2011) (citation and emphasis omitted).

An unreasonable application of federal law differs from an incorrect application of federal law. *See Renico v. Lett*, 559 U.S. 766, 773 (2010) (citation omitted). Under this standard, "a state

prisoner must show that the state court's ruling . . . was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011).

Courts "apply this same standard when evaluating the reasonableness of a state court's decision under § 2254(d)(2)." *Landers v. Warden*, 776 F.3d 1288, 1294 (11th Cir. 2015) (citations omitted). That is, "[a] state court's . . . determination of the facts is unreasonable only if no fairminded jurist could agree with the state court's determination . . . ." *Holsey v. Warden, Ga. Diagnostic Prison*, 694 F.3d 1230, 1257 (11th Cir. 2012) (citations and quotation marks omitted).

Under § 2254(d), where, as here, the decision of the last state court to decide a prisoner's federal claim contains no reasoning, federal courts must "'look through' the unexplained decision to the last related state-court decision that does provide a relevant rationale." *Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018). "It should then presume that the unexplained decision adopted the same reasoning." *Id.*

### III.  Discussion

A.  Claims One and Four

Claims one and four are the same. [ECF No. 1 at 5-8, 18-19]. Petitioner contends that his sentence is unconstitutional because it exceeded the statutory maximum and because the jury failed to find that he "personally possessed" a firearm, which he contends is necessary to reclassify his conviction as a first-degree felony for sentencing purposes. *See* [*id.*]

Petitioner raised this claim in his Rule 3.850 motion. [ECF No. 11-2 at 2-3, 10-13]. The trial court denied it, reasoning:

> [Petitioner] was convicted of manslaughter, a second-degree felony. However, based on the jury's finding in the special verdict that [petitioner] "used, carried, displayed, or threatened to use a firearm[,]"[] the offense was properly reclassified as a first-degree felony punishable by up to thirty (30) years in prison. [Petitioner's]

>   sentence of twenty (20) years in prison followed by ten (10) years of probation was
>   lawful.

[*Id.* at 22-23 (citations omitted)]. The Third District affirmed without comment. [*Id.* at 20].

Here, this claim is not cognizable under § 2254. *See Rivera v. Sec'y, Dep't of Corr.*, 737 F. App'x 946, 955-56 (11th Cir. 2018) (*per curiam*) ("The issue[] of whether [the petitioner's] reclassification was justified under Florida [law] . . . [is] purely [a] matter[] of state law." (citation omitted)); *see also Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988) (*per curiam*) ("In the area of state sentencing guidelines in particular, we consistently have held that federal courts can not review a state's alleged failure to adhere to its own sentencing procedures." (citing cases)). "This limitation on federal habeas review is of equal force when a petition, which actually involves state law issues, is couched in [federal] terms." *Booth*, 861 F.2d at 1508 (citation and internal quotation marks omitted).

To the extent this claim is cognizable here, the trial court reasonably rejected it. Consistent with the allegations in the indictment, [ECF No. 11-1 at 65], the jury specially found that petitioner "used, carried, displayed, or threatened to use a firearm," [*id.* at 69]. Thus, this case does not implicate *Apprendi v. New Jersey*, 530 U.S. 466 (2000). *See id.* at 490 ("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.").

In sum, claims one and four fail.

B.  Claims Two and Three

Claims two and three are the same. [ECF No. 1 at 11-12, 14-15]. Petitioner contends that the evidence was insufficient to support his conviction for manslaughter because: (1) the state's key witnesses, Brandon Washington and Julian Clement, were under the influence of alcohol and drugs when the shooting happened; (2) Washington and Clement made inconsistent statements to

the police; (3) none of the state's witnesses actually saw petitioner possess a firearm or shoot the victim; and (4) the state's evidence was circumstantial. *See* [*id.*]

Petitioner raised this claim in his Rule 3.850 motion. [ECF No. 11-2 at 6-10, 15-16]. The trial court rejected it, reasoning:

> During cross examination of both witnesses, the defense attorney challenged the witnesses' testimony by highlighting their use of drugs and alcohol . . . .
>
> ***
>
> The State presented ample evidence of [petitioner's] guilt. [Washington] and Clements testified that they were in the car with [petitioner] and [the] Victim, saw the two men get out of the car, heard loud voices and then a single gunshot. They both then saw [petitioner] walk to the trunk of his car, place something inside, then return to the driver's seat. He instructed both not to say anything. . . . The Victim kept asking "Why did he do that?" . . . . Although no firearm was recovered, the police did find a box of 9mm ammunition in the trunk of [petitioner's] car which matched the caliber of weapon used to kill the Victim. . . .

[*Id.* at 23-24]. The Third District affirmed without comment. [*Id.* at 20].

"[T]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. 358, 364 (1970). When reviewing the sufficiency of the evidence to support a criminal conviction, a federal habeas court must "determine whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 318 (1979). "[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 319 (citation omitted).

The Supreme Court has "made clear that *Jackson* claims face a high bar in federal habeas proceedings because they are subject to two layers of judicial deference." *Coleman v. Johnson*, 566 U.S. 650, 651 (2012) (*per curiam*). In this context, "the only question under *Jackson* is whether

[the state court's decision] was so insupportable as to fall below the threshold of bare rationality." *Id.* at 656.

Here, the trial court's decision met this threshold. The trial transcript supports the trial court's findings. *See* [ECF No. 10 at 3-9 (citing relevant portions of trial transcript)]; *see generally Durousseau v. State*, 55 So. 3d 543, 556 (Fla. 2010) (*per curiam*) ("In criminal cases, Florida law permits the State to rely on circumstantial evidence to prove the guilt of a defendant." (citation omitted)).

In sum, the state courts' rejection of this claim was not contrary to, or an unreasonable application of, clearly established federal law or an unreasonable determination of the facts.

## IV.    Evidentiary Hearing

"[B]efore a habeas petitioner may be entitled to a federal evidentiary hearing on a claim that has been adjudicated [on the merits] by the state court, he must demonstrate a clearly established federal-law error or an unreasonable determination of fact on the part of the state court, based solely on the state court record." *Landers*, 776 F.3d at 1295. Here, Petitioner's claims were adjudicated on the merits and he has not demonstrated such an error. Thus, he is not entitled to an evidentiary hearing.

## V.    Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." R. 11(a), Rules Governing § 2254 Cases. "If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." *Id.* "A timely notice of appeal must be filed even if the district court issues a certificate of appealability." R. 11(b), Rules Governing § 2254 Cases.

"A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court rejects a petitioner's constitutional claims on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, the Undersigned denies a certificate of appealability. If Petitioner disagrees, he may so argue in any objections filed with the District Judge.

### VI. Recommendations

As discussed above, it is recommended that the Petition [ECF No. 1] be **DENIED**; that no certificate of appealability issue; that final judgment be entered; and that the case be closed.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

SIGNED this 1st day of December, 2020.

_____
UNITED STATES MAGISTRATE JUDGE

cc:  Darrell Washington
     M97398
     Calhoun Correctional Institution
     Inmate Mail/Parcels
     19562 SE Institution Drive
     Blountstown, FL 32424
     PRO SE

7

Sandra Lipman
Office of the Attorney General
444 Brickell Avenue, Suite 650
Miami, FL 33131
305-377-5441
Email: sandra.lipman@myfloridalegal.com

Michael W. Mervine
Office of the Attorney General
Department of Legal Affairs
444 Brickell Avenue, Suite 650
Miami, FL 33131
(305) 377-5441
Fax: (305) 377-5655
Email: CrimAppMia@MyFloridaLegal.com

Noticing 2254 SAG Miami-Dade/Monroe
Email: CrimAppMIA@MyFloridaLegal.com