UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-20566-CIV-ALTONAGA/Reid

**DARRELL WASHINGTON**,

    Petitioner,
v.

**WARDEN WATSON**, *et al.*,

    Respondents.
_____/

## **ORDER**

**THIS CAUSE** came before the Court *sua sponte*. On February 7, 2020, Petitioner, Darrell Washington, filed a Petition Under 28 U.S.C. [Section] 2254 for Writ of Habeas Corpus by a Person in State Custody [ECF No. 1]. Respondents filed a Response [ECF No. 10], to which Petitioner filed a Traverse [ECF No. 17]. The Clerk referred the case to Magistrate Judge Lisette M. Reid for a report and recommendation on any dispositive matters. (*See* Notice [ECF No. 2]). On December 1, 2020, Magistrate Judge Lisette M. Reid entered a Report of Magistrate Judge ("Report") [ECF No. 19], recommending the Petition be denied, final judgment be entered, and that no certificate of appealability issue. (*See generally* Report).

When a magistrate judge's "disposition" has been objected to, district courts must review the disposition *de novo*. Fed. R. Civ. P. 72(b)(3). When no party has timely objected, however, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note to 1983 addition (citation omitted). Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged Congress's intent was to only require a *de novo* review where objections have been properly filed, not when neither party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985)

("It does not appear that Congress intended to require district court review of a magistrate[] [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." (emphasis in original; alterations added)).

The Report advised Petitioner he had 14 days to file an objection. (*See* Report 7). To date, Petitioner has not filed an objection. The Court therefore reviews the Report for clear error.

In his Petition, Petitioner alleges four claims for relief: (1) "the trial court [] committed fundamental error [when it] sentence[d] Petitioner to a sentence that exceeded the statutory maximum" (Pet. 6–8 (alterations added; capitalization omitted)); (2) "Petitioner's conviction and sentence resulted in a miscarriage of justice; constitutional violations" (*id.* 11–12 (capitalization omitted)); (3) "[the] trial court erred whe[n] it deemed and permitted deposition intake" (*id.* 14–15 (alterations added; capitalization omitted)); and (4) "the trial court . . . committed fundamental error[] not supported by law" (*id.* 18–19 (alterations added)). Petitioner asks the Court to "vacat[e] [his] convictions and sentences and order . . . a new trial within [120] days, or [] immediate release[] from custody." (Traverse 10 (alterations added)).

In a thorough and well-reasoned Report, Magistrate Judge Reid concludes (1) Petitioner's claims one and four are "not cognizable under [section] 2254[;]" (2) even if the Petition did raise cognizable federal claims, Petitioner's allegations "fail[;]" and (3) the state courts' rejection of claims two and three was neither contrary to federal law nor based on an unreasonable determination of fact. (Report 4, 6 (alterations added)). The Court agrees.

Petitioner contends his sentence is unconstitutional because (1) it exceeded the statutory maximum; and (2) the jury failed to find he personally possessed a firearm, which, according to Petitioner, is necessary to reclassify his conviction for sentencing purpose. Petitioner's claims one and four are not cognizable under section 2254, and even if they are cognizable, the Report

CASE NO.  20-20566-CIV-ALTONAGA/Reid

correctly concludes the claims fail. (*See* Report 3–4 (collecting cases)); *see also Rivera v. Sec'y, Dep't of Corr.*, 737 F. App'x 946, 956 (11th Cir. 2018).  As to claims two and three, the Court agrees the state courts' rulings were neither contrary to federal law nor based on an unreasonable determination of fact.  (*See* Report 4–6).

The undersigned has reviewed the Report, record, and applicable law to assure herself that no clear error appears on the face of the record.  In the light of that review, the undersigned agrees with Judge Reid's analysis and recommendations.

Accordingly, it is **ORDERED AND ADJUDGED** that the Report **[ECF No. 19]** is **ACCEPTED AND ADOPTED**.  Petitioner, Darrell Washington's Petition Under 28 U.S.C. [Section] 2254 for Writ of Habeas Corpus by a Person in State Custody **[ECF No. 1]** is **DENIED**.  A certificate of appealability shall not issue.  Final judgment will issue by separate order.  The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Miami, Florida, this 23rd day of December, 2020.

_____
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc:     Magistrate Judge Lisette M. Reid
        counsel of record
        Petitioner, Darrell Washington, *pro se*