UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-20566-CIV-ALTONAGA/Reid

**DARRELL WASHINGTON**,

        Petitioner,
v.

**WARDEN WATSON**, *et al.*,

        Respondents.
_____/

## **ORDER**

**THIS CAUSE** came before the Court *sua sponte*. On February 7, 2020, Petitioner, Darrell Washington, filed a Petition Under 28 U.S.C. [Section] 2254 for Writ of Habeas Corpus by a Person in State Custody [ECF No. 1]. Respondents filed a Response [ECF No. 10], to which Petitioner filed a Traverse [ECF No. 17]. The Clerk referred the case to Magistrate Judge Lisette M. Reid for a report and recommendation on any dispositive matters. (*See* Notice [ECF No. 2]). On December 1, 2020, Magistrate Judge Lisette M. Reid entered a Report of Magistrate Judge ("Report") [ECF No. 19], recommending the Petition be denied, final judgment be entered, and that no certificate of appealability issue. (*See generally* Report). On January 8, 2021, Petitioner filed Objections [ECF No. 24] to the Report.

When a magistrate judge's "disposition" has been objected to, district courts must review the disposition *de novo*. Fed. R. Civ. P. 72(b)(3); *see also Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006) ("Where a proper, specific objection to the magistrate judge's report is made, it is clear that the district court must conduct a *de novo* review of that issue." (citations omitted)). As Petitioner filed Objections, the Court reviews the Report *de novo*.

In his Petition, Petitioner alleges four claims for relief: (1) "the trial court [] committed


fundamental error [when it] sentence[d] Petitioner to a sentence that exceeded the statutory maximum" (Pet. 6–8 (alterations added; capitalization omitted)); (2) "Petitioner's conviction and sentence resulted in a miscarriage of justice; constitutional violations" (*id.* 11–12 (capitalization omitted)); (3) "[the] trial court erred whe[n] it deemed and permitted deposition intake" (*id.* 14–15 (alterations added; capitalization omitted)); and (4) "the trial court . . . committed fundamental error[] not supported by law" (*id.* 18–19 (alterations added)). Petitioner asks the Court to "vacat[e] [his] convictions and sentences and order . . . a new trial within [120] days, or [] immediate release[] from custody." (Traverse 10 (alterations added)).

In a thorough and well-reasoned Report, Magistrate Judge Reid concludes (1) Petitioner's claims one and four are "not cognizable under [section] 2254[;]" (2) even if the Petition did raise cognizable federal claims, Petitioner's allegations "fail[;]" and (3) the state courts' rejection of claims two and three was neither contrary to federal law nor based on an unreasonable determination of fact. (Report 4, 6 (alterations added)). The Court agrees.

Petitioner contends his sentence is unconstitutional because (1) it exceeded the statutory maximum; and (2) the jury failed to find he personally possessed a firearm, which, according to Petitioner, is necessary to reclassify his conviction for sentencing purposes. Petitioner's claims one and four are not cognizable under section 2254, and even if they are cognizable, the Report correctly concludes the claims fail. (*See* Report 3–4 (collecting cases)); *see also Rivera v. Sec'y, Dep't of Corr.*, 737 F. App'x 946, 956 (11th Cir. 2018). As to claims two and three, the Court agrees the state courts' rulings were neither contrary to federal law nor based on an unreasonable determination of fact. (*See* Report 4–6).

In his Objections, Petitioner argues (1) the state court's reclassification of his conviction violated his due process rights under the Fifth and Fourteenth Amendments; and (2) the state's

CASE NO. 20-20566-CIV-ALTONAGA/Reid

evidence was "insufficient to warrant a conviction" and violated his due process rights under the Fifth and Fourteenth Amendments. (Objs. 2–3). These "objections" were expressed in Petitioner's Petition and Traverse and ultimately rejected in the Report. (*Compare id.* 1–3, *with* Pet. 5–8, 10–12, 17–19; Traverse 1, 5, 9–10; *and* Report 3–7). Again, the Court agrees with the Report's analysis and conclusions. (*See* Report 3–7). Petitioner's Objections are thus overruled.

The undersigned has reviewed the Report, record, and applicable law *de novo*. In the light of that review, the undersigned agrees with Judge Reid's recommendations.

Accordingly, it is **ORDERED AND ADJUDGED** that the Report **[ECF No. 19]** is **ACCEPTED AND ADOPTED**. Petitioner, Darrell Washington's Petition Under 28 U.S.C. [Section] 2254 for Writ of Habeas Corpus by a Person in State Custody **[ECF No. 1]** is **DENIED**. A certificate of appealability shall not issue. Final judgment will issue by separate order. The case remains **CLOSED**, and any pending motions are **DENIED** as moot.

**DONE AND ORDERED** in Miami, Florida, this 13th day of January, 2021.

*[signature]*
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc: Magistrate Judge Lisette M. Reid
counsel of record
Petitioner, Darrell Washington, *pro se*